## AGREEMENT FOR DESIGN SERVICES

**THIS AGREEMENT FOR DESIGN SERVICES**, is entered into this 15th day of May, 2009, by and among Juan Pablo Molyneux ("JP"), J.P. Molyneux Studio, Ltd. ("Studio", and together with JP, "Molyneux,") L.S.J, LLC ("LSJ") and Jeffrey Epstein ("Epstein").

Each of the parties hereto (the "Parties"), intending to be bound hereby, hereby agrees as follows:

1. Upon execution of this Agreement by the parties hereto, in return for good, valuable and sufficient consideration, Molyneux shall credit Epstein's account with Studio in the amount of Two Hundred Fifty Thousand Dollars ($250,000) (the "Credit") to be applied against future services provided by, and out of pocket disbursements and expenses incurred by, Studio, to and for the benefit of Epstein and/or LSJ, as determined by Epstein in his reasonable discretion (the "Covered Services").

2. With respect to actual services rendered as part of the Covered Services, Studio shall bill Epstein and apply such bills against the Credit at a rate equal to Five Hundred Dollars ($500) per hour for services rendered by JP and Eighty Dollars ($80) per hour for Studio staff.

3. Without in any way limiting the foregoing, the Covered Services shall include those services, disbursements and/or expenses reasonably determined by Epstein to be necessary or appropriate to complete the design, construction, and exterior and interior design and decoration, including furniture and furnishings, of the office pavilion currently under construction on Little St. James Island (the "Office Pavilion"), and will further include provision of the skilled labor and supervision, and the payment of all expenses and disbursements in connection therewith, necessary for the proper installation, restaining and refinishing of the cabinetry already delivered to Little St. James by Atelier Fancelli.

4. Notwithstanding the provisions of Section 3 hereof, the parties acknowledge that the labor charges for the installation of such cabinetry were included in a pre-existing purchase order between Studio and Epstein, attached hereto as Exhibit A, and agree that such labor charges shall be paid for by Molyneux without application of the Credit against the same.

5. It is a material term of this agreement that as part of the Covered Services Molyneux shall furnish and cause to be properly installed and completed at the Office Pavilion by January 1, 2010 all of the items listed on Exhibit B hereto and that the Office Pavilion will be completed to Epstein's reasonable satisfaction by January 1, 2010. Molyneux agrees that the aggregate amount to be applied against the Credit for the provision, installation and completion of all such items shall not exceed the amount of the Credit and that neither Epstein nor LSJ shall have any liability to make any payment to Molyneux in respect of any such items.

6. In the event that by the fifth anniversary of the date that this Agreement is executed by all of the parties hereto, Studio shall not have provided Covered Services in an amount equal to the Credit, then on the date of such fifth anniversary, Molyneux shall pay Epstein the unapplied balance of the Credit by wire transfer to an account designated in writing by Epstein to Molyneux (the "Designated Account") ten days prior to the fifth anniversary date. In the event that Molyneux is deemed in breach of this Agreement in accordance with the provisions of Section 8 hereof, then, effective as of the date that Molyneux is in breach under Section 8 hereof, the unapplied balance of the Credit as of such date shall be due and payable to Epstein. Promptly upon demand by Epstein to Molyneux, Molyneux shall pay Epstein such unapplied balance by wire transfer to the Designated Account specified in such demand.

7. In the event that Molyneux should breach any term of this Agreement, Epstein shall give him written notice and ten days' opportunity to cure before Molyneux shall be deemed to be in breach.

8. In the event of breach of a material term of this Agreement, including, without limitation, a failure to complete the provision and proper installation and completion of any one or more of the items on Exhibit B by January 1, 2010 or the failure to complete the Office Pavilion to Epstein's reasonable satisfaction by January 1, 2010 which is not cured by Molyneux, Molyneux shall pay Epstein as liquidated damages $250,000 within 30 days of the expiration of Molyneux's ten day opportunity to cure. The parties hereto understand and agree that such $250,000 payment is in addition to the payment of the unapplied balance of the Credit pursuant to Section 6 hereof. The parties hereto agree that in the event of such a material breach, the actual amount of damages sustained by Epstein and LSJ would be difficult to ascertain and, under the circumstances, the amount of these liquidated damages is fair and reasonable.

9. JP states that neither he nor Studio is an architect and have not held themselves out as same regarding the services to be rendered under this Agreement. Further, Epstein and LSJ acknowledge that JP and Studio have not held themselves out as an architect regarding the services to be rendered under this Agreement.

10. This Agreement constitutes the entire agreement between the Parties regarding the provision of the Covered Services. Each Party acknowledges that such Party has not executed this Agreement in reliance on any representation, inducement, promise, agreement, or warranty that is not contained in this Agreement or the Settlement Agreement.

11. The Parties agree that the prior drafting history of this Agreement shall not be used to construe any term of this Agreement. This Agreement has been negotiated by each Party and such Party's respective attorneys, and the language

3

hereof will not be construed for or against any such Party as the principal drafter of this Agreement.

12. The individuals signing this Agreement and the Parties on whose behalf such individuals are signing hereby represent and warrant that they are empowered and authorized to sign on behalf of and bind the Parties for whom they have signed.

13. Each Party agrees that this Agreement shall be binding upon the heirs, successors, and assigns of each Party.

14. Each Party represents and agrees that such Party: (i) has fully reviewed this Agreement and has had the opportunity to seek advice by independent counsel of its choosing with respect to the same; (ii) fully understands the terms of this Agreement and has entered into this Agreement voluntarily without any coercion or duress on the part of any person or entity; and (iii) was given adequate time to consider all implications of this Agreement prior to entering into it.

15. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures of this Agreement transmitted by fax shall have the same effect as original signatures.

16. This Agreement may not be amended or modified except by a written instrument executed by the duly authorized representatives of all of the Parties. Any waiver of any provision hereof must be in writing and signed by the party to be charged with such waiver. Any such waiver shall be effective only in the specific instance and for the specific purpose for which such waiver is given. No failure on the part of any Party to exercise, and no delay in exercising, any right, power or privilege under this Agreement shall operate as a waiver thereof; nor shall any single or partial exercise of any right, power or privilege under this Agreement, preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder.

17. Any demands, statements, communications or notices to be provided pursuant to this Agreement shall be in writing and sent by hand delivery or by reputable overnight courier to the attention of the Parties indicated below, until such time as notice of any change of person to be notified or change of address is forwarded to all Parties:

(a) For Epstein and LSJ:

Darren K. Indyke, Esq.
301 East 66th Street, 10B
New York, NY 10065
(212) 517-2052

(b)     For JP and Studio:

Jay Goldberg, Esq.
250 Park Avenue
Suite 2020
New York, New York 10177
(212) 983-6000

18. This Agreement shall be governed by and construed in accordance with the laws of the Virgin Islands applicable to agreements entered into entirely within the Virgin Islands, without regard to the principles of Virgin Islands' law regarding conflicts of laws.

19. Each Party irrevocably and unconditionally submits to the exclusive jurisdiction of any court sitting in the Virgin Islands over any suit, action or proceeding arising out of or relating to the Disputes. Each Party agrees that service of any process, summons, notice or document as provided in Section 17 hereof shall be effective service of process for any action, suit or proceeding brought in any such court. Each Party irrevocably and unconditionally waives any objection to the laying of venue of any such suit, action or proceeding brought in any such court and any claim that any such suit, action or proceeding brought in such court has been brought in an inconvenient forum. Each Party agrees that a final, non-appealable judgment in any such suit, action or proceeding brought in any such court shall be conclusive and binding upon such Party and may be enforced in any other courts to whose jurisdiction such Party is or may be subject, by suit upon judgment.

20. The Parties agree that the existence, terms, and consideration paid pursuant to this Agreement are strictly confidential and that this Agreement will not be filed in any court, except in proceedings to enforce this Agreement or the Settlement Agreement. No Party may reveal any facts about this Agreement or the terms of any settlement of which this Agreement is part without the prior, written consent of each of the other Parties; provided, however, that a Party may disclose facts about the settlement (i) to its or his employees, accountants and attorneys who require the same for the purpose of performing their employment duties or providing professional services to such Party; (ii) to its or his insurers or re-insurers; (iii) as required by any law, regulation, or rule of a court or court agency; or (iv) in response to a duly authorized subpoena or court order. Before disclosing any facts about the settlement under provisos (i) or (ii) above, the Party making the disclosure shall inform the receiving party of the terms of this confidentiality provision and shall take reasonable measures to ensure that the receiving party agrees not to make further disclosures of the requested information. At least five business days prior to disclosing any facts about the settlement under provisos (iii) or (iv) above (other than in connection with proceedings to enforce the provisions of this Agreement or the Design Services Agreement), to the extent permissible by law, regulation, rule of

4

a court or agency or court order, the Party making or asked to make the disclosure shall inform each of the other Parties of the proposed disclosure or request for information, and shall, at the request of any Party and at the cost of such requesting Party, file any disclosure or response to the request for information about the settlement or the terms of this Agreement pursuant to a motion or other formal request that the information be maintained in confidence and/or held under seal.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by themselves or their duly authorized representatives, as the case may be, as of the date of the day and year first above-written.

J.P. MOLYNEUX STUDIO, LTD.

By: _____
Juan Pablo Molyneux
President

_____
JUAN PABLO MOLYNEUX

_____
JEFFREY EPSTEIN

L.S.J., LLC

By: _____
JEFFREY EPSTEIN
Member

a court or agency or court order, the Party making or asked to make the disclosure shall inform each of the other Parties of the proposed disclosure or request for information, and shall, at the request of any Party and at the cost of such requesting Party, file any disclosure or response to the request for information about the settlement or the terms of this Agreement pursuant to a motion or other formal request that the information be maintained in confidence and/or held under seal.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by themselves or their duly authorized representatives, as the case may be, as of the date of the day and year first above-written.

J.P. MOLYNEUX STUDIO, LTD.

By: _____
    Juan Pablo Molyneux
    President

_____
JUAN PABLO MOLYNEUX

JEFFREY EPSTEIN

L.S.J., LLC

By: _____
    JEFFREY EPSTEIN
    Member

L.3.b.1.A

# MOLYNEUX

ARCHITECTURAL INTERIORS & DECORATION

29 EAST 69th STREET
NEW YORK, NEW YORK 10021
TEL (212) 628 0097
FAX (212) 737 6126
E-MAIL jpe.molyneuxstudio@....com

4 RUE CHAPON
75004 PARIS, FRANCE
TEL (33) 01 39 96 65 50
FAX (33) 01 31 39 39 11
E-MAIL paris-molyneuxstudio.fr

| VENDOR: | | DATE |
|---|---|---|
| FANCELLI PANELING | | 10/14/2008 |
| 24 EAST 64TH STREET | | |
| NEW YORK, NY 10021 | | |
| 212-935-6537 | | |
| 212-935-6538 Fax | | |

| | | SALESPERSON |
|---|---|---|

| QUANTITY | DESCRIPTION | | UNIT COST | EXTENDED COST |
|---|---|---|---|---|
| 1 | Woodworking | | 780,000.00 | 780,000.00 |
| | FABRICATION & INSTALLATION of light oak with waxed finish cabinetry per JPM design. Will include survey, shop drawings, moldings of base, lower cabinetry with doors and upper bookshelves 3 hidden cabinet doors and interior window shutter columns with bases and crown. Will include packing insurance and waterproof container to St. thomas and crew travel. Cost will not include 2 globes, flat base (stone) transportation of goods to St. James, scaffolding, local taxes, customes or workman's accomodations | | | |
| | NOTE: THIS PO REPLACES PO#2680 | | | |

| | | | | |
|---|---|---|---|---|
| CK# _____ | Deposit Required: $ | 0.00 | Total: $ | 780,000.00 |
| Account #: | Payments: $ | 780,000.00 | | |
| Terms: | 100% Deposit | | | |

PURCHASE ORDER NUMBER
7106

DO NOT PROCESS THIS ORDER UNLESS SPECIFICATIONS AND PRICES ARE CORRECT

| SHIP TO: | CLIENT: LSJ-OFFICE / OFFICE / | AREA | PROPOSAL #: |
|---|---|---|---|
| ATELIER FANCELLI | OFFICE | | 29764 |
| 63 RUE ALBERT | | ITEM #: | |
| DAHLENNE | | | |
| | | ORDERED BY: | |
| | | DATE PROMISED: | AUTHORIZED SIGNATURE |

SIDE MARK JPM / LSJ-OFFICE / OFFICE /

DO NOT FAIL TO SHOW OUR ORDER NUMBER AND CUSTOMER NO.
NO INVOICE WILL BE PAID WITHOUT OUR ORDER NUMBER
ATTENTION CONTRACTORS: SMALLEST PERCENT OF THE TOTAL SHOWN WILL BE WITHHELD
IF YOU FAIL TO SUPPLY US WITH PROPER WORKMEN'S COMPENSATION INSURANCE DOCUMENTATION

N.Y. RESALE # 13-310-2323

EXHIBIT B

In the following Exhibit B, the words "I," "me," and "mine" shall refer to Juan Pablo Molyneux and the words "you" and "your" shall refer to Jeffrey Epstein.

I propose to include all of the following services and items for the $250,000 that we have agreed:

The Office/Library:

Fancelli will complete the installation at no cost to you. This means that you will not be responsible for any Fancelli installer expenses including travel, lodging, food, incidentals, etc. After Fancelli finishes the installation, I will decide if the color of the paneling is adequate for the overall ambiance. If it is not, I will select color with your approval and restain and refinish cabinetry as part of the services I will provide and at no cost to you. The desk I will include will be a bronze contemporary desk (Design JPM) with a modern swivel desk chair. I will also include a guest desk chair and a desk set. The desk lamp I will include will also be contemporary. I will include an upholstered window seat cushion for the window seat built into the cabinetry. In will include 4 pillows (silk velvet with custom tassel trim). For the sitting area, I will include four large scaled club chairs upholstered in a cut cotton velvet (Bevilacqua Fabric), two contemporary reading lights, a coffee table (Design JPM) with a unique tiger coral parquetry top, a pair of contemporary Celestial and Terrestrial Globes (Design JPM), from the movie by John Ford). I will provide with your approval the design (which includes selecting, but not purchasing the materials) for the floor of the structure. I will also include a carpet which will be a sisal and the hardware for the cabinetry, which will be all bronze with shapes of marine fauna. I will also provide lighting and ceiling design with your approval for the structure. I will provide the ceiling painting which was previously ordered which I will have delivered to St. Thomas and oversee the proper installation of the same on the ceiling. I will provide back-up documentation to you for the prices and billable hours (at the rates in the Design Services Agreement) for the above items and services and if the total amount falls short of $250,000, I will provide other items at my reasonable discretion to complete the Office Pavilion so that the total amount equals $250,000.

I will make two trips /visits to Little Saint James Island on dates determined by me in my reasonable discretion to be necessary or appropriate to oversee, perform and complete the above work.