DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

_____X

J.P. Molyneux Studio, Ltd. and
Juan Pablo Molyneux

                                                      FIRST
                                                      AMENDED
                                                      <u>COMPLAINT</u>

                   -against-

                                              Case No. 3:10-cv-00034

Jeffrey Epstein and
L.S.J., LLC.
_____X

      PLAINTIFFS, by and through the undersigned counsel, for their First Amended Complaint allege as follows:

JURISDICTION AND
AMOUNT IN CONTROVERSY

1. Plaintiff Juan Pablo Molyneux is a citizen of the State of New York.

2. Plaintiff J.P. Molyneux Studio, Ltd. is incorporated in the State of New York and maintains its principal place of business in the State of New York.

3. Defendant Jeffrey Epstein is a citizen of the Territory of the U.S. Virgin Islands.

4. Upon information and belief, the remaining Defendant, L.S.J., LLC, is organized in the State of Delaware and maintains its principal place of business within the U.S. Virgin Islands.

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of costs, interest and disbursements and the Plaintiffs and Defendants are citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), (c).

## FACTS COMMON TO ALL COUNTS

7. Juan-Pablo Molyneux is a world-renowned interior designer.

8. Jeffrey Epstein, via his company L.S.J., LLC, is the owner of Little Saint James, a 70-acre island within the U.S. Virgin Islands.

9. In 2005, the parties entered into an agreement whereby the Plaintiffs would provide design services for the residential compound Epstein was constructing on Little Saint James.

10. Subsequently, disputes arose between the parties with respect to the design services to be provided by Plaintiffs.

11. On May 15, 2009, the parties entered into a Settlement Agreement, annexed hereto, whereby the Defendants released all claims they might have had against the Plaintiffs in exchange for $1.2 million.

12. Following the Settlement Agreement, the parties entered into a written contract on May 15, 2009, entitled Agreement for Design Services ("Design Services Agreement"), annexed hereto, wherein the parties agreed that the Plaintiffs would perform certain design services related to the office pavilion being constructed by Defendants on Little Saint James, for which Plaintiffs would credit Defendants' account with Plaintiffs in the amount of $250,000 to be applied toward such services. The specific services to be provided were itemized on Exhibit B to the Design Services Agreement (the "Exhibit B Services").

13. The Settlement Agreement specifically provides that the Design Services Agreement "shall not be treated as an inducement to the execution of the Settlement Agreement." Settlement Agreement at ¶ 2.

14. Subsequent to the execution of the Design Services Agreement, Plaintiffs, with the assistance of an internationally-known woodworking craftsman, undertook to and did perform the Exhibit B Services, thereby satisfying their obligations pursuant to the Design Services Agreement.

2

15. On January 26 and 27, 2010, Plaintiffs travelled to Little Saint James to supervise the final stages of the work pursuant to the Design Services Agreement. It was agreed that Epstein would be present in order to give his approval of the work. Epstein, however, failed to attend this agreed meeting.

16. On March 10, 2010, Defendants' agent created a Punch List cataloguing certain tasks remaining to be completed pursuant to the Design Services Agreement.

17. On March 22, 2010, Plaintiffs again travelled to Little Saint James to meet with Epstein in an effort to finalize the work performed by Plaintiffs pursuant to the Design Services Agreement. Epstein again failed to attend the agreed meeting. In an effort to perform their obligations under the Design Services Agreement, Plaintiffs and their representatives, nevertheless, undertook to complete, and did complete, the Punch List items falling under the Design Services Agreement.

18. On March 25, 2010, Defendants' agent signed off on all items enumerated on the Punch List by signing it and noting that all the woodwork on the list was done with the exception of three minor items, none of which was specified in Exhibit B to the Design Services Agreement.

19. Although their agent had signed off on the Punch List, Defendants' counsel sent a letter to Plaintiffs on April 15, 2010, claiming that Plaintiffs had failed to perform their obligations pursuant to the Design Services Agreement.

20. In the letter, Defendants' counsel also claimed that the Plaintiffs fraudulently induced Defendants to enter both the Settlement Agreement and the Design Services Agreement.

21. In an effort to resolve the dispute, Plaintiffs' representatives once again traveled to Little Saint James on April 29, 2010 to meet with Defendants' representatives. The meeting was unproductive and Defendants' counsel continued wrongfully to insist that Plaintiffs had not satisfied their obligations with respect to the Design Services Agreement.

## FIRST CLAIM
## DECLARATORY JUDGMENT

22. Plaintiffs repeat and reallege the allegations contained in paragraphs one through 21 above.

23. There are justiciable controversies with respect to the following issues:

    a.  Whether the Plaintiffs substantially performed their duties as required by the Design Services Agreement;

    b.  Whether Defendants violated their duty of good faith and fair dealing under the Design Services Agreement by engaging in conduct that was inconsistent with the terms and purpose of that agreement and the reasonable expectations of the parties by, among other things: (a) wrongfully rejecting the Plaintiffs' work with respect to the Exhibit B Services; and, (b) absenting themselves from the meetings between the parties which were held to resolve their differences, thereby interfering with and failing to cooperate with Plaintiffs in the performance of their obligations; and

    c.  Whether, as alleged in Defendants' April 15, 2010 letter, Plaintiffs fraudulently induced Defendants to enter the Settlement Agreement and the Design Services Agreement.

24. A declaration of the rights among the parties is warranted pursuant to 28 U.S.C. § 2201.

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

    a.  Adjudging and declaring that Plaintiffs substantially performed their duties as required by the Design Services Agreement;

b. Adjudging and declaring that the Defendants violated their duty of good faith and fair dealing under the Design Services Agreement; and

c. Adjudging and declaring that Plaintiffs did not fraudulently induce Defendants to enter the Settlement Agreement or the Design Services Agreement, and that the Settlement Agreement and Design Services Agreement are valid and enforceable; and

d. Awarding such other and further relief as the Court deems equitable and just.

Respectfully Submitted,
Rosh D. Alger Esquire, LLC
Attorneys for Plaintiffs

DATED: June 11, 2010
St. Thomas, U.S. Virgin Islands

By: s/ Rosh D. Alger
Rosh D. Alger, Esq.
VI Bar No. 932
PMB 10 Royal Dane Mall #12
St. Thomas, VI 00802
Tel. (340) 626-0787
Fax (866) 211-2646